UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE: Jason and Amanda McElroy    }    Case No: 15-11514
                                    }
    Debtor(s)                       }    Chapter 13

### INITIAL CHAPTER 13 PLAN

**Extension ()**                                **Composition (X)**

You should read this plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy court may modify creditors' rights by providing for payments of less than the full amount of the creditor's claim, by setting the value of the collateral securing the claim, and/or by setting the interest rate on the claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 plan:

**1) Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

**2.) Plan Payments and Length of Plan.** Debtor will pay sum of **$375.00 bi-weekly** to Trustee by {X} Payroll Deduction(s) on {} Debtor or on {X} Debtor-Spouse or by {} Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See U.S. Section 1325(b)(1)(B)and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(I) and section 1326 (a)(1)(C). The following alternative provision will apply if selected:

____ If CHECKED, Plan payments will:

**3) Claims Generally**. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

**4) Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to Section 507 (a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

**(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

**(B). Debtor's Attorney's Fees.** The attorney fees to be paid by the Debtor are in the amount of

**$4,000.00** for services rendered in the case. The amount of **$0.00** was paid prior to the filing of the case. The balance of fees shall be disbursed as follows: (a) upon the first disbursement of the plan following confirmation of the plan, the Trustee shall disburse **up to $4,000.00** after payment of adequate protection payments and other administrative fees. The remaining balance of the fees shall be paid **up to $95.00** per month until the fees are paid in full; (b) if the case is **dismissed or converted** to Chapter 7 or Chapter 11 prior to the confirmation of the plan, the Trustee shall pay fees **up to $4,000.00** from available funds.

5). Priority Claims.

**(A) Domestic Support Obligations.**

\_\_\_\_\_None. If none, skip to Plan paragraph 5(B).

**Child Support Enforcement
for Kimberly D. McElroy
102 College Street
Carrollton, GA 30117**

**Kerry M. Lepard
591 Ringer Road
Carrollton, GA 30116**

(i)     Debtor is required to pay all post-petition domestic obligations directly to the holder of the claim.
(ii)    The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. Sections 101 (14a) and 1302 (b)(6).

(iii) Anticipated Domestic Support Obligation Arrearage Claims: **$0**

(a) Unless otherwise specified in this Plan, priority claims under 11 U.S.C. Section 507(a)(1) will be paid in full pursuant to 11 U.S.C. Section 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

\_X\_\_ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| none |  | $0 |
|  |  |  |

(b). Pursuant to Section 507(a)(1)(B) and 1322 (a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit:
   __X____ None; or

Claimant and proposed treatment:

(B). Other Priority Claims (e.g., **tax claims**). These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) creditor | (b) Estimated claim |
|---|---|
| IRS | 2,400 |
| GDR | 800 |

**6) Secured Claims.**

**(A) Claims Secured by Personal Property Which Debtor Intends to Retain.**

**(i) Pre-confirmation adequate protection payments.** No later than 30 days after the date of this plan or the following adequate protection payments to creditors pursuant to Section 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:
 NONE         directly to the creditor; or
 X    to the Trustee [each month] pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection monthly payment amount |
|---|---|---|
| Capital One Auto | 2014 Chevy Cruze | 185 |
| GM Financial | 2013 Chevy Sonic | 133 |
|  |  |  |
|  |  |  |

**(ii) Post-confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

**(a). Claims to Which Section 506 Valuation is Not Applicable.** Claims listed in this subsection consist of debts secured by a **purchase money** security interest in a **vehicle** for which the debt was incurred **within 910 days** of filing the bankruptcy petition, or, if the collateral for the debt is any **other thing of value**, the debtor incurred the debt **within 1 year** of filing. See, Section 1325(a)(5). After confirmation of the plan, the Trustee will pay the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the court. Payments distributed by the Trustee are subject to the availability of funds.

_____ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Capital One Auto | 2014 Chevy Cruze | 8/2014 | 18,501 | 5% | 410 |
| GM Financial | 2013 Chevy Sonic | 5/2013 | 13,275 | 5% | 270 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(b) Claims to Which Section 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(a)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

\_\_X\_\_\_\_ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest Rate | (f) Monthly Payment |
|---|---|---|---|---|---|
| none |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(c)** **Other allowed claims:** a proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with   **5.0 %**   interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed administrative priority claims) except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims.  Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

**(d)** **Claims subject to lien avoidance pursuant to 11 U.S.C. Section 522(f):** the allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied.  If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general unsecured claim to the extent that it is not secured by property of the estate and treated by the plan.  To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph.  This paragraph shall apply to the following creditors:

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor request interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Any fees expenses or charges asserted under **Fed.R. Bankr. P. 3002.1(c)** are not to be funded through the Chapter 13 plan . The Debtor will pay these post-petition expenses outside of the plan unless the Court has disallowed them on a motion filed under Fed. R. Bankr. P. 3002.1(e).

| (a) Creditor | (b) Property description | (c) estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| none | | | |
| | | | |

**(C) Mortgage claims secured by residential real property which Debtor will seek to have modified to a general, non-priority unsecured claim pursuant to 11 U.S.C. Sections 506 and 1322(b)(2).**

If an Order is entered modifying the below creditor's claim to a general, non-priority unsecured claim said claim shall be treated as a general, non-priority unsecured claim, and upon entry of a Discharge order, the creditor's lien shall be declared void and released. This provision shall apply to the following creditor(s);

| | | |
|---|---|---|
| none | | |

**(D). Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/ foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court Order, unless the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate Debtor's state law rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| none | |
| | |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$17,571.00**. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro-rata share of **$1.00** or **1%,** whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

**8). Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly

by Debtor, not through Trustee, as set forth below in column (c). Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

_____X_____ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| none | | | |
| | | | |

**9). Property of the Estate.**

Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10). Other Provisions:**
    (A)    Special classes of claims:

    (B).    Other direct payments to creditors:

    (C).    During the Applicable Commitment Period, any federal tax refunds received in excess of $1,500.00 will be committed to the plan.


Date: July 9, 2015                                          /s/ Jason L. McElroy
                                                                                 Debtor


/s/ H. Brooks Cotten                                   /s/  Amanda  R. McElroy
H. Brooks Cotten, Bar No: 189545                Debtor
5 Jackson Street
Newnan, GA 30263
770-683-3303
cottenlaw_ecf@yahoo.com